```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

PELOTON COLD BREW, LLC.           :         CIVIL ACTION
                                  :
            v.                    :
                                  :
PELOTON INTERACTIVE, INC.         :         NO. 21-3579

MEMORANDUM

Bartle, J.                                        August  2, 2022

        Plaintiff Peloton Cold Brew, LLC has sued defendant Peloton Interactive, Inc. for a declaration that it is the owner of a valid trademark for "Peloton," U.S. Registration No. 5385686, for "beverages made of coffee."  The defendant, a seller of a variety of fitness-related goods and services, owns a number of "Peloton" marks.  It successfully petitioned for the cancellation of the plaintiff's mark before the Trademark Trial and Appeal Board in the United States Patent and Trademark Office.  The plaintiff seeks review of the adverse decision of the Trademark and Appeal Board pursuant to 15 U.S.C. § 1071(b).  The statute provides for subject matter jurisdiction in the United States District Courts.  Before the court is the defendant's second motion to dismiss the complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and under Rule 12(b)(5) for insufficient service of process.

Judge C. Darnell Jones II, to whom the action was originally assigned, denied defendant's original motion to dismiss without prejudice as premature and gave the parties 45 days to obtain discovery on the jurisdictional issue. The time period expired without plaintiff taking any discovery. Thereafter, the action was reassigned to the undersigned. Following a telephone conference with counsel and pursuant to court order, defendant has now refiled its motion to dismiss.

Once defendant challenges personal jurisdiction, the burden rests on plaintiff to prove that it exists. O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007). As the Supreme Court has stated, "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." Daimler AG v. Bauman, 571 U.S. 117, 125 (2014). Pennsylvania's long-arm statute authorizes its courts to exercise personal jurisdiction to "the fullest extent allowed under the Constitution of the United States." 42 Pa. Cons. Stat. § 5322(b). As a result, this court looks to the boundaries of the due process clause of the Fourteenth Amendment of the Constitution to decide whether there is personal jurisdiction.

There are two types of personal jurisdiction--general and specific. General jurisdiction, on which plaintiff relies, is present where a corporation's "affiliations with the State

-2-

are so 'continuous and systematic' as to render [it] essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011).  Defendant is correct that this court does not have general jurisdiction over it.  The Supreme Court, as noted above, has determined that general jurisdiction over a corporate defendant under the Constitution is limited except in exceptional cases to the places where it is "fairly regarded as at home."  Daimler, 571 U.S. at 137 and 139 n.19.  The two places, the paradigm fora, are the state of defendant's incorporation and the state where defendant has its principal place of business.  Id.  Here, defendant was incorporated in the state of Delaware and has its principal place of business in the state of New York.  While plaintiff argues that defendant has stores and warehouses in Pennsylvania, those facts, even if true, are not enough to establish the exceptional case.  Id. at 137-39; Goodyear, 564 U.S. at 927-930.

     A defendant may also be subject under the Constitution to specific personal jurisdiction of the court in a forum where:  (1)  defendant has purposely directed specific activities at the forum; (2) the plaintiff's claim has arisen out of or is related to at least one of those activities; and (3) the assertion of jurisdiction comports with fair play and substantial justice. Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007).  Plaintiff seeks review of the decision of the

Trademark Trial and Appeal Board which cancelled plaintiff's trademark.  The Trademark Trial and Appeal Board is located and acted in Virginia.  That is the state where specific jurisdiction lies.  Nothing concerning the adjudication in Virginia arose out of or related to defendant's activities in Pennsylvania.  Consequently, plaintiff cannot establish specific jurisdiction in this court.  See Impossible Foods, Inc. v. Impossible X LLC, Civ. A. No. 21-2419, 2021 WL 5331444, at *6 (N.D. Cal. Nov 16, 2021), appeal filed (9th Cir. Nov. 24, 2021); Freud America, Inc v. Milwaukee Electric Tool Corp., Civ. A. No. 20-109, 2020 WL 8248765, at *5 (M.D.N.C. June 17, 2020).

        Accordingly, the motion of defendant to dismiss the complaint for lack of personal jurisdiction will be granted.[1]

---

1. The defendant also asserts that plaintiff did not timely effectuate service of process.  The court need not reach this issue in light of its resolution of the issue of personal jurisdiction.